UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FIDELITY AND GUARANTY )
INSURANCE COMPANY, )
    Plaintiff, )
)
V. ) Civil Action No.: 04-10250-EFH
)
STAR EQUIPMENT CORPORATION, )
CHARLENE B. FORAN, JOHN J. )
FORAN and TOWN OF SEEKONK, )
    Defendants. )

### DEFENDANT TOWN OF SEEKONK'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT, CROSSCLAIM AND JURY DEMAND

#### PARTIES AND JURISDICTION

1. Defendant, Town of Seekonk ("hereinafter Seekonk") is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the plaintiff's complaint.

2. Defendant, Seekonk is without knowledge or information sufficient to admit or deny the allegations contained paragraph 2 of the plaintiff's complaint.

3. Defendant, Seekonk is without knowledge or information sufficient to admit or deny the allegations contained paragraph 3 of the plaintiff's complaint.

4. Defendant, Seekonk is without knowledge or information sufficient to admit or deny the allegations contained paragraph 4 of the plaintiff's complaint.

5. Defendant, Seekonk admits the allegations contained paragraph 5 of the plaintiff's complaint.

6. This paragraph calls for legal conclusions which the defendants are not qualified to make, therefore, no answer is required. If a response is required, the defendants deny the allegations contained in paragraph 6 of the complaint.

#### FACTS

7. Defendant, Seekonk is without knowledge or information sufficient to admit or deny the allegations contained paragraph 7 of the plaintiff's complaint.

8. Defendant Seekonk admits the allegations contained in paragraph 8 of the plaintiff's complaint, but states the contract was entered into in 2003.

9. Defendant Seekonk admits the allegations contained in paragraph 9 of the plaintiff's complaint.

10. Defendant Seekonk admits the allegations contained in paragraph 10 of the plaintiff's complaint.

11. Defendant, Seekonk denies the allegations contained in paragraph 11 of the plaintiff's complaint.

12. Defendant, Seekonk denies the allegations contained in paragraph 12 of the plaintiff's complaint.

13. Defendant, Seekonk denies the allegations contained in paragraph 13 of the plaintiff's complaint.

14. Defendant Seekonk admits the allegations contained in paragraph 14 of the plaintiff's complaint.

15. Defendant, Seekonk is without knowledge or information sufficient to admit or deny the allegations contained paragraph 15 of the plaintiff's complaint.

16. Defendant, Seekonk is without knowledge or information sufficient to admit or deny the allegations contained paragraph 16 of the plaintiff's complaint.

17. Defendant, Seekonk admits Mark Patrick Greene executed an affidavit, but denies the remaining allegations contained in paragraph 17 of the plaintiff's complaint.

18. Defendant, Seekonk denies the allegations contained in paragraph 18 of the plaintiff's complaint.

## COUNT I

19. Defendant, Seekonk repeats its responses to paragraphs 1 – 18 of this answer as if fully set forth herein.

20. Defendant, Seekonk denies the allegations contained in paragraph 20 of the plaintiff's complaint.

21. Defendant, Seekonk denies the allegations contained in paragraph 21 of the plaintiff's complaint.

## COUNT II

22. Defendant, Seekonk repeats its responses to paragraphs 1 – 21 of this answer as if fully set forth herein.

23. Defendant, Seekonk admits the allegations contained in paragraph 23 of the plaintiff's complaint.

24. Defendant, Seekonk denies the allegations contained in paragraph 24 of the plaintiff's complaint.

25. Defendant, Seekonk denies the allegations contained in paragraph 25 of the plaintiff's complaint.

## COUNT III

26. Defendant, Seekonk repeats its responses to paragraphs 1 – 25 of this answer as if fully set forth herein.

27. Defendant, Seekonk admits the allegations contained in paragraph 27 of the plaintiff's complaint.

28. Defendant, Seekonk denies the allegations contained in paragraph 28 of the plaintiff's complaint.

29. Defendant, Seekonk denies the allegations contained in paragraph 29 of the plaintiff's complaint.

Wherefore, the defendant, Town of Seekonk respectfully requests that this Court dismiss the plaintiff's complaint and award the defendant's costs and attorney's fees incurred in the defense of this matter.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant hereby states that the plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that their actions are immune, as they were discretionary functions.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the defendant's actions are entitled to qualified and good faith immunity.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff failed to exhaust all avenues of appeal available to it.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff cannot recover for the reason that the has plaintiff failed to give proper notice of the damages allegedly suffered by the plaintiff to the defendant, as required by General Laws Chapter 258.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the action is barred by applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that service of process was deficient.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that process was deficient.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the action and conduct of the defendant, to the extent they occurred as alleged were undertaking in the good faith and performance of their official duties without malice and are therefore privileged under applicable law.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that this action consists of a claim based upon the performance or failure to perform the discretionary function or duty on the part of a public employer or public employee, at use of his office or employment, and therefore, the plaintiff cannot recover in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, Town of Seekonk, is immune from liability pursuant to General Laws Ch. 258, §10.

## JURY CLAIM

Town of Seekonk demands a trial by jury as to all counts and causes of action

## CROSS CLAIM

1. Defendant/Plaintiff-in-Crossclaim, Town of Seekonk ("Seekonk"), is a duly organized and incorporated municipality in the Commonwealth of Massachusetts.

2. Defendant/Defendant-in-Crossclaim, Star Equipment Corporation ("Star") is a duly organized Massachusetts Corporation with its usual place of business at 30 Heath Road, South Easton, Massachusetts.

## COUNT I
(Breach of Contract)

3. On or about June 24, 2003, Star entered into a contract with Seekonk for the installation of replacement water mains and appurtenant work ("Project").

4. The contract amount was $285,083.13, based upon Star's bid for the project. Star's bid was the lowest contract bid of the bids submitted to Seekonk for the project.

4. Star executed a performance bond with Fidelity and Guaranty Insurance Company for the full amount of the contract on or about June 24, 2003.

5. Star commenced work on the project on or about June 30, 2003.

6. In a letter dated July 15, 2003, Star informed Seekonk that due to changes in site conditions, Star anticipated submitting a change order to reflect an additional cost of approximately $133,875.00.

7. In the July 15, 2003 letter, Star informed Seekonk that Star would be unable to continue with the installation of pipe until the issue is resolved.

8. Amory Engineers, P.C. ("Amory") informed Seekonk on or about July 16, 2003, that Star's request for additional payment as a consequence of changed field conditions was not justifiable.

9. In a letter dated July 21, 2003, Star again requested additional compensation for the project based on changed field conditions.

10. In a letter dated July 23, 2003, Amory again notified Seekonk that the request for additional compensation for changed field conditions was not justifiable, but it may be reasonable to consider payment for additional width of temporary pavement.

11. In a letter dated July 29, 2003, Seekonk informed Star it would only agree to increase payment for temporary pavement on four streets.

12. In a letter dated August 1, 2003, counsel for Star informed Seekonk that it would cease all work in August 2003.

13. Star stopped all work on the Project on August 8, 2003, in breach of the contract executed on June 24, 2003.

14. No work has been performed on the project since August 8, 2003.

15. Due to Star's breach of contract, Seekonk has been forced to re-bid the project at its own expense.

16. Seekonk has incurred damages as a result of Star's failure to perform pursuant to the terms of the June 24, 2003 contract.

Wherefore, defendant/cross-claim plaintiff, Town of Seekonk, demands judgment against the defendant/cross claim defendant, Star Equipment Corporation, in the full amount of its damages, plus interest, costs and attorneys' fees.

## JURY CLAIM

Town of Seekonk demands a trial by jury as to all counts and causes of action.

Respectfully submitted,
Town of Seekonk
By their Attorneys,

/s/ Andrew S. Brooslin
Leonard H. Kesten, BBO #542042
Andrew S. Brooslin, BBO #638238
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: May 18, 2004