UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY AND GUARANTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>STAR EQUIPMENT CORPORATION, CHARLENE B. FORAN, JOHN J. FORAN, and TOWN OF SEEKONK,<br><br>    Defendants. | CIVIL ACTION NO. 1:04-CV-10250-EFH |

**FIDELITY AND GUARANTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. Rule 56, the plaintiff, Fidelity and Guaranty Insurance Company ("F&G"), hereby moves for summary judgment against the defendants, Star Equipment Corporation ("Star"), Charlene B. Foran and John J. Foran (hereinafter collectively referred to as the "Defendants" or "Indemnitors"). Pursuant to the express terms of the General Agreement of Indemnity ("the GAI") executed by the Indemnitors, the Indemnitors are required to reimburse F&G for all loss, costs, attorneys' fees, interest and expense of every kind or nature incurred by F&G in its investigation, evaluation, defense and/or discharge of claims made against surety bonds issued by F&G on behalf of Star, as principal. Moreover, pursuant to the collateral security provision of the GAI and, independently, F&G's common law rights of *quia timet* and exoneration, F&G is entitled to an order requiring the Indemnitors to specifically perform their obligations and place F&G in funds sufficient to secure F&G against any future

1

loss, cost or expense as F&G, in its sole and absolute discretion, deems necessary or appropriate to protect it against claims or potential claims, including potential attorneys' fees and expenses.[1]

In further support of this Motion, F&G files herewith a Statement of Undisputed Material Facts, Memorandum of Law in Support of F&G's Motion for Summary Judgment, and the Affidavit of Kimberly D. Zanotta, with exhibits attached.

WHEREFORE, Fidelity and Guaranty Insurance Company respectfully requests that its Motion for Summary Judgment be allowed and that this Honorable Court enter judgment in F&G's favor against the Indemnitors, jointly and severally, as follows:

(1)     By entering an Order requiring the Indemnitors to reimburse F&G for the attorneys' fees and expenses incurred by F&G;

(2)     By entering an Order requiring the Indemnitors to provide collateral security to F&G by immediately depositing funds in the amount of $250,000.00 with F&G;

(3)     By entering an Order requiring the Indemnitors to exonerate, indemnify and keep indemnified F&G on an ongoing basis from liability for costs and attorneys' fees sustained and incurred by F&G as a result of having executed the Bond, and from such costs and attorneys' fees sustained or incurred by F&G in connection with the instant litigation, with interest; and

(4)     By granting F&G such other and further relief that the Court deems just and proper.

---

[1] F&G's exercise of its contractual and equitable right to be placed in funds by the Indemnitors with respect to Seekonk's claim should not be interpreted as a waiver or acknowledgment of the validity of Seekonk's claim on the Bond, which liability F&G expressly denies.

        Respectfully submitted,

        **FIDELITY AND GUARANTY INSURANCE COMPANY,**

        By its attorney,

        <u>/s/ Eric H. Loeffler</u>
        Bradford R. Carver, BBO #565396
        Eric H. Loeffler, BBO #641289
        Hinshaw & Culbertson LLP
        One International Place, Third Floor
Dated: October 31, 2005        Boston, MA 02110
        (617) 213-7000

34015062v1 856797