## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

FIDELITY AND GUARANTY
INSURANCE COMPANY,

       Plaintiff,

v.                                              CIVIL ACTION NO. 1:04-CV-10250-EFH

STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN, JOHN J. FORAN,
and TOWN OF SEEKONK,

       Defendants.

## AFFIDAVIT OF KIMBERLY D. ZANOTTA

I, Kimberly D. Zanotta, having been duly sworn, hereby depose and state as follows:

1.      I am employed by St. Paul Travelers and I have full authority to adjust, manage, defend and prosecute claims on behalf of Fidelity and Guaranty Insurance Company ("F&G") in this lawsuit.  I make the statements that follow on personal knowledge or on the basis of the business records of F&G, of which I am the keeper.

2.      At all times relevant to this action, F&G has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects.

3.      At all times relevant to this action, Star Equipment Corp. ("Star") is or was in the business of construction contracting.

4.      On or about June 28, 2002, Star, Charlene B. Foran and John J. Foran (hereinafter collectively referred to as "the Indemnitors") executed a General Agreement of Indemnity ("GAI") for the purpose of indemnifying F&G in connection with surety bonds issued by F&G

1

on behalf of Star for certain construction projects.  A true and correct copy of the GAI is attached hereto as Exhibit A and incorporated herein by reference.

5.       The GIA provides (¶4) that "the [Indemnitors] shall indemnify [F&G] and hold it harmless from and against all claims, damages, expenses, losses, costs, professional and consulting fees, disbursements, interests and expenses of every nature . . . which [F&G] may sustain, incur or become liable for by reason of having executed or procured the execution of any Bond or Bonds, or by making any investigation of any matter concerning any Bond or Bonds, or by prosecuting or defending any action in connection with any Bond or Bonds, or by recovering any salvage or enforcing this Agreement."

6.       The GIA provides (¶5) that "[u]pon [F&G's] reasonable belief that it may incur a loss on a Bond or Bonds, [F&G] may demand and, upon [F&G's] demand, the [Indemnitors] shall deliver over to [F&G] collateral security acceptable to [F&G] to cover any contingent losses and any subsequent increase thereof."

7.       On June 24, 2002, Star entered into a contract with Town of Seekonk, Massachusetts ("Seekonk") to perform work on the project known as "Installation of Replacement Watermains and Appurtenant Work, Contract No. 2003-W1," in Seekonk, Massachusetts ("the Project").

8.       As a direct and proximate result of the Indemnitors executing the GAI, and in reliance thereon, F&G, as surety, executed a performance bond ("the Bond") at the request and on behalf of Star, as principal, for the benefit of the Seekonk, as obligee, for the Project.  A true and correct copy of the Bond is attached hereto as Exhibit B.

9.      By letter dated September 11, 2003, Seekonk gave notice to F&G that Star was in default of its contractual obligations and demanded that F&G perform its obligations under the Bond. Star responded to Seekonk and to F&G, denying that Star was in default of its contractual obligations.

10.     On or about February 5, 2004, F&G commenced this declaratory judgment action due to a controversy between Star and Seekonk as to whether these parties had mutually agreed to settle their dispute and, correspondingly, whether F&G has any liability on the Bond as a result.

11.     F&G has received information and documentation from Seekonk wherein Seekonk estimates its additional costs to complete the project to be $179,963.00. A true and correct copy of Armory Engineers, P.C.'s March 2, 2005 report concerning the estimate of Seekonk's additional costs to complete the Project is attached hereto as Exhibit C.

12.     Pursuant to Paragraph 5 of the GAI, F&G deems it necessary to require the Indemnitors to deposit cash collateral in the amount of $250,000.00 to protect it from exposure on Seekonk's claim, plus the attorneys' fees and expenses that have been and will be incurred by F&G in defending against Seekonk's claim and enforcing the terms of the GAI, all of which is recoverable under the specific terms and conditions of the GAI.[1]

13.     To the extent required, the collateral will be utilized to cover F&G's potential losses and expenses under the Bond as contemplated by the GAI. Should any collateral remain after F&G's bond losses and expenses have been completely satisfied, those funds will be returned to the appropriate Indemnitor.

---

[1]F&G's exercise of its contractual and equitable right to be placed in funds by the Indemnitors with respect to Seekonk's claim should not be interpreted as a waiver or acknowledgment of the validity of Seekonk's claim on the Bond, which liability F&G expressly denies.

14.    At all times relevant hereto, F&G has acted in good faith relative to its obligations as surety in the investigation and defense of Seekonk's claim on the Bond.

15.    F&G has complied with all conditions precedent to maintaining this action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 31st DAY OF OCTOBER, 2005.

/s/ Kimberly D. Zanotta_____
Kimberly D. Zanotta
Claims Counsel
St. Paul Travelers

01650-0005
329932v1

34014980v1 856797