UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 DEC -9  A II: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

FIDELITY and GUARANTY
INSURANCE COMPANY,

      Plaintiff

v.

STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN, JOHN J. FORAN
and TOWN OF SEEKONK,

      Defendants

Civil Action No. 04-10250 EFH

## MEMORANDUM OF LAW IN OPPOSITION TO
## MOTION FOR SUMMARY JUDGMENT

The defendants Star Equipment ("Star"), Charlene B. Foran and John J. Foran (collectively, "the Forans"), submit this memorandum in opposition to the motion of Fidelity and Guaranty Insurance Company ("F&G") for the entry of a summary judgment as to Counts Two and Three of its complaint for Declaratory Judgment.

This matter involves a claim on a bond executed by F&G, as surety, on behalf of Star, a contractor that won a competitive bid for a Seekonk water main installation project. After commencing the work, Star encountered site conditions that were significantly different from those set forth in the job specification and bid package. It called this fact to the attention of Seekonk officials, and a dispute arose as to the respective obligations of the parties. That dispute spawned the bond claim, now before this court, when Seekonk subsequently declared Star's default, and made demand on F&G under the bond.

F&G has advanced two theories of recovery in its motion. The first is premised on the fact that the bond language allows for F&G to obtain security when F&G has a "…reasonable belief that it may incur a loss on a Bond…"[1] . Star disputes that such a "reasonable belief" exists, as more fully discussed below.

F&G further claims that application of the common law principle of *quia timet,* an equitable theory, supports its recovery. Star asserts, however, that this principle only applies when "a debt becomes due," a circumstance not present here; and – Star further asserts – a circumstance that will never be present here.

As more fully set forth below, the fact dispute over the legitimacy of Seekonk's underlying claim bars F&G's motion for summary judgment, which must therefore be denied.

## STATEMENT OF FACTS, INCLUDING DISPUTED MATERIAL FACTS

Star and the Forans acknowledge as true the factual assertions concerning the execution and delivery of the Bond and General Agreement of Indemnity, described in F&G's motion. They further acknowledge as true the facts asserted in F&G's Statement at ¶¶ 6-9.

The disputed, and material, facts are as follows.

On or about July 21, 2003, Star encountered site conditions that were materially different from those depicted in the bid package. (Foran Affidavit at ¶ 3). The subsurface was not gravel, which is readily excavatable; instead it was rock. The surface

---

[1] F&G has asserted in its motion that the basis for its claim is, in part, the contract language in the bond that allows for it to make demand for security (as it does here) "[u]pon [F&G's} reasonable belief that it may incur a loss on a Bond…" See Exhibit A to Affidavit of Kimberly D. Zanotta, at ¶ 5.

2

coat, which was represented to be five to six inches thick, was approximately one inch. (Foran Affidavit at ¶ 3)  Excavation work became unduly burdensome, as the excavated trench continually collapsed, due to the insubstantial surface coat. (Foran Affidavit at ¶ 3)  Star's principal, Jack Foran, advised Seekonk officials that he would be sustaining substantially greater costs to complete the work, and sought a contract adjustment. (Foran Affidavit at ¶ 4)

Notwithstanding these problems, Star continued, continued its work – an exercise of good faith, and a display of its intention to honor its contractual obligations. (Foran Affidavit at ¶ 5)  After three weeks without resolution, Foran and Seekonk officials met – with their attorneys present – on August 8, 2003 to discuss their differences. (Foran Affidavit at ¶ 6)

The event most critical for consideration here occurred next, when - following that August 8th meeting - the parties agreed that Star would leave the job, Seekonk would pay for work completed, and the contract between the parties would be void without further recourse. (Foran Affidavit at ¶ 7) ; Affidavit of Attorney Mark Patrick Greene, Exhibit C to Defendant Charlene Foran's Answer and Cross-Claims [a true copy of which is attached hereto for convenience]["Greene Affidavit"]).  It was only after the parties reached this agreement that Star left the job, and it was only because of this agreement that Star – which had dutifully continued its work for the three weeks prior despite this issue – determined it was proper to do so.  (Foran Affidavit at ¶ 8; Greene Affidavit).

When a subsequent dispute arose over what Seekonk owed Star, Seekonk unilaterally rescinded that agreement, declaring Star's "default" more than four weeks

3

after Star had stopped working in accordance with the agreement of the parties that it do so.  (Foran Affidavit at ¶ 9 ).

As Star had left the site only after reaching that agreement with Seekonk, and had – in fact – not abandoned the job or otherwise failed to perform under its contract, it cannot be said to have defaulted; there can, therefore, be no valid claim on the bond. F&G acknowledges this in its summary judgment filing.[2]

That is the basis for the defendant's opposition to this motion for summary judgment.  As there remains a fact question whether an event of default occurred, there exists a fact question whether F&G has "a reasonable belief that it may incur a loss on a Bond…" (F&G"s Statement, ¶ 5).  The defendants assert that those fact questions require resolution before F&G can proceed on a claim for security, as it seeks now to do in this motion.

### ARGUMENT

The defendants adopt F&G's explication of the summary judgment standard, set forth in its memorandum of law at page four.  As discussed above, F&G argues a right to collateral security under two theories: the first, that the contract provisions allow for it; the second, that the common law theory of *quia timet* applies, and allows for it.  The defendants respond to those arguments posited by F&G as follows.

---

[2] See, Fidelity and Guaranty Insurance Company's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment at ¶ 9.

A.      The General Agreement of Indemnity contract upon which F&G relies in seeking a summary judgment calls for indemnification "upon reasonable belief that it may incur a loss on a Bond…"; that is a question of fact in dispute in this case, thereby precluding the entry of a summary judgment.

F&G, in support of its argument that the contract between the parties calls for Star and Foran to indemnify it at this juncture, argues thusly. A provision of the contract between the parties – the terms of which provision are not in dispute – provides that

Upon [F&G's] *reasonable belief* that it *may incur a loss on a Bond* or Bonds, [F&G] may demand …collateral security acceptable to [F&G] to cover any contingent losses and any subsequent increase thereof (emphasis added).

(F&G Statement, ¶ 5).

In support of its argument, F&G cites to applicable Massachusetts case law, asserting that summary judgment is appropriate where (1) the defendants signed the indemnity agreement, (2) the surety *incurred* losses, and (3) the defendants have refused to indemnify the surety. See Hartford Acc. & Indemn. Co. v. Millis Roofing and Sheet Metal, Inc., 11 Mass. App. Ct. 998, 991 (1981).

F&G goes on to argue that a series of cases establish the proposition that absent a showing of bad faith on the part of the surety – an issue not in play in this case – summary judgment is generally appropriate.

The flaw in F&G's argument is that it fails to address that which is presented in Count One of its own Complaint, where the basis for this entire dispute is well explained. Star did not default here; it only left the job after first agreeing with the Town of Seekonk that it would do so. (Foran Affidavit at ¶ 10) Seekonk now disputes this fact, and claims

5

a default. However, that dispute is certainly material to the question of whether a loss on a bond will be sustained here; thereby precluding the entry of a summary judgment.

As F&G points out in its memorandum, the surety is entitled to be indemnified for losses sustained. Here, it is the position of Star, the Forans, and F&G itself[3], that Seekonk is not entitled to recover, and thus, there will be no loss sustained by the surety. Whether that position is a correct one is a question of fact, requiring resolution. In such instance, summary judgment is not appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

F&G further argues that a series of cases support its claim that it is entitled to what can fairly be classified as "anticipatory security" once a demand on a bond is made. Closer review of those cases reveals, however, that the critical facts present in this case were not present in any of those cited by F&G in its memorandum[4]. The defendants do not challenge the good faith of the surety, as did some in the cited cases; nor do they challenge the scope of a payment made on the bond (as no such payment has been made). Instead, the defendants argue that Star only left the job after Seekonk agreed it should do so; thus, there was no performance default; thus, no triggering event relative to the performance bond.

Again, what is critical about this case – and why summary judgment is not appropriate – is the fact dispute over what caused Star to leave the job in Seekonk. As set forth in the Foran affidavit, and as outlined in Count One of the complaint, the parties had an agreement that Star should leave the job, and therefore no default occurred. That

---

[3] See Count One of Complaint for Declaratory Relief

[4] For example, in *Safeco Ins. Co. v. Criterion Inv. Corp.* ( 732 F. Supp. 834, 843 [E.D. Tenn. 1989]), the bond in question was a litigation bond; here, F&G supplied a performance bond, which calls for payment upon a performance default, and not otherwise.

6

being the case, F&G has no basis to believe it will sustain a loss on its bond, and therefore no legal basis for a recovery here on Counts Two and Three.

At the least, those are the facts in dispute. And that good faith dispute is such that the plaintiff's motion for the entry of a summary judgment on Counts Two and Three should be denied.

B. Application of the common law doctrines of *Quia Timet* and/or exoneration to the facts presented here precludes the entry of a summary judgment.

Citing to the Restatement (Third) of Suretyship and Guaranty, and variously-claimed applicable cases, F&G argues that the application of the common law doctrines q*uia timet* and or exoneration compels a finding that it is entitled to collateral security. In so arguing, however, it asserts "F&G *remains exposed* to the principal amount of the *alleged claim by Seekonk.*" (Memorandum of Law in Support of Fidelity and Guaranty Insurance Company's Motion for Summary Judgment at page 9)(emphasis added) That language is critical as it provides the very reason why (a) *quia timet* and exoneration do not apply; and (b) summary judgment is inappropriate.

F&G correctly recites interpretive case law in its memorandum, at page nine, where it explains that one court held that a surety may seek payment from its principal "after the debt for which he is liable becomes due…" (Matthews v. Matthews, 128 Me. 495, 499 [1930]); and, further explained that a surety may look to its principal to discharge "the debt when it becomes due." (Filner v. Shapiro, 633 F. 2d 139, 142 (2d Cir. 1980).

7

Citation is even made to Judge Learned Hand, and his landmark surety decision, Admiral Oriental Line v. United States (86 F. 2d 201, 204 [2d Cir. 1936]) where Judge Hand held that "before paying a debt, a surety may call upon the principal…"

The defendants acknowledge all of the foregoing, and do not dispute any of it because they cannot. However, the critical language in each holding, and a fact not present here, is that the surety can look to the principal *when the debt is due*. As F&G itself explains in its memorandum, Seekonk has alleged a claim, and Star has not only disputed it, but presented compelling evidence that it will prevail in this dispute. Moreover, in bringing this complaint for declaratory relief, F&G itself alleges that the parties agreed that Star should leave the job, an action which Seekonk now claims to constitute a default.

Irrespective of whose position is accepted, there can be no disputing that – at this juncture – no debt has become due. And, as Star did not default in the performance of its obligations to the town of Seekonk, there will be no recovery under its performance bond.

That being the case, F&G cannot rely on *quia timet* or exoneration as a basis for the entry of a summary judgment.

8

## **CONCLUSION**

For all of the foregoing reasons, the defendants respectfully request that this

honorable court deny Fidelity and Guaranty's Motion for Summary Judgment.

> Respectfully submitted,
> By their attorney,
>
> James S. Timmins BBO # 547512
> 55 Willard Street
> Quincy MA 02169
> (617) 376-0700

DATE:   December 7, 2005

9