FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 DEC -9  A 11: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

FIDELITY and GUARANTY
INSURANCE COMPANY,

    Plaintiff

v.                                                                          Civil Action No. 04-10250 EFH

STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN, JOHN J. FORAN
and TOWN OF SEEKONK,

    Defendants

### AFFIDAVIT OF JOHN J. FORAN

I, John J. Foran, being first duly sworn, do hereby depose and state as follows.

1. I make each of the following statements of my own personal knowledge.

2. I am a principal of Star Equipment Corporation, a defendant in this case. I was personally involved in every interaction that Star had with the Town of Seekonk project.

3. My company won a competitive bid for the installation of water lines on various streets in Seekonk. We began the work in July of 2003. On or about July 21, 2003, Star encountered site conditions that were materially different from those to be expected on a typical public way, as depicted in the bid package. The subsurface was not gravel, it was rock. The surface coat, which should have been

four to six inches thick, was approximately one inch. As a result of these conditions, excavation work became unduly burdensome, as every time I would dig a trench, it would collapse due to the insubstantial surface coat.

4. I advised Seekonk officials that, as a result, my company would be sustaining substantially greater costs to complete the work. The trenches I dug were collapsing, and once I got below-grade, I was encountering rock, which is harder to dig, and more difficult to remove from a trench. I told the town officials that we had a right to expect a 4-6 inch base coat, as this is what is typical for a public way; and if that existed, the trench would hold up while we excavated. Also, it is typical that, under such a base coat, you find gravel with some rock in it. Here, however, there was no gravel, it was all rock. These conditions were atypical, not what was represented, and would result in the job taking nearly twice as long as had been projected. For this reason, I sought a contract adjustment.

5. The town engineer said he would look at the problem, but asked me to continue working, which I did, as an exercise of good faith, and a display of Star's intention to honor its contractual obligations.

6. After three weeks without resolution, I met with Seekonk officials on August 8, 2003 to discuss these issues. I brought my attorney, Mark Greene, and Seekonk had their lawyers present, as well.

7. During that meeting, my lawyer and the Seekonk lawyer left the room at one point, and when they returned, they told me they had reached an agreement. I was told that Star would leave the job, Seekonk would pay for work completed, and the contract between the parties would be void without further recourse. The

relationship between the parties had deteriorated, and this was deemed the best resolution by all present.

8. It was only after the parties reached this agreement that Star left the job, and it was only because of this agreement that I did so. I had worked on the job for the three weeks prior despite this issue. Star only left the job once Seekonk said we should do so. We agreed to release each other from the contract, and Seekonk would calculate what they owed Star and pay us; I was fine with that.

9. Four weeks later, Seekonk's engineer disputed some of the work and what was owed; that was when, for the first time, Seekonk said we were in "default."

10. Again, Star Equipment and I would never have left the job site in Seekonk if we did not first have an agreement with the town's officials and engineers that we should do so.

I CERTIFY THE FOREGOING UNDER THE PENALTY OF PERJURY THIS 8TH DAY OF DECEMBER, 2005.

*John J. Foran* (signature)

John J. Foran

CERTIFICATE OF SERVICE

I, James S. Timmins, hereby certify that I served a true copy of the following documents:

MOTION FOR LEAVE TO FILE AND SERVE, LATE, OPPOSITION OF THE DEFENDANTS STAR EQUIPMENT, CHARLENE B. FORAN, and JOHN J. FORAN, TO FIDELITY and GUARANTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT;

OPPOSITION OF THE DEFENDANT'S STAR EQUIPMENT, CHARLENE B. FORAN and JOHN J. FORAN TO FIDELITY and GUARANTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT;

MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; and

AFFIDAVIT OF JOHN J. FORAN

Upon all counsel of record by mailing same, postage prepaid, to the addresses of counsel as they appear on the docket of this court.

I CERTIFY THE FOREGOING UNDER PENALTY OF PERJURY.

_____
James S. Timmins