UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIDELITY AND GUARANTY<br>INSURANCE COMPANY,<br>    Plaintiff,<br><br>V.<br><br>STAR EQUIPMENT CORPORATION,<br>CHARLENE B. FORAN, JOHN J.<br>FORAN and TOWN OF SEEKONK,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 04-10250-EFH |

## JOINT MOTION OF DEFENDANT, TOWN OF SEEKONK AND PLAINTIFF, FIDELITY AND GUARANTY INSURANCE COMPANY, TO ENFORCE SETTLEMENT AGREEMENT

Now come the defendant, Town of Seekonk[1] (hereinafter "Seekonk") and

the plaintiff, Fidelity and Guaranty Insurance Company (hereinafter "Fidelity"),

and respectfully request that this Honorable Court enforce the settlement

agreement executed by the parties and their attorneys on March 4, 2006,

following a mediation at the court with ADR Panel Member Scott A. Birnbaum,

Esquire. This motion is a result of the defendants, Star Equipment Corporation

(hereinafter "Star"), Charlene B. Foran and John J. Foran's (hereinafter "Forans")

refusal to abide by the terms of the agreement. Seekonk requests that this

Honorable Court enforce the terms agreement by dismissing with prejudice all

claims made by Fidelity against Seekonk, as well as, all crossclaims made by and

between Star, Forans and Seekonk. Once all claims and crossclaims are

dismissed with prejudice, Fidelity will pay Seekonk Fifty Thousand ($50,000.00)

Dollars pursuant to the terms of the agreement.

---

[1] This is a misnomer. The defendant's proper name is the Seekonk Water District.

## I.    Factual Background

### a.  Case History

The pending matter was initially filed as a declaratory judgment action by Fidelity regarding its responsibilities and duties under a surety performance bond issued to Star and the Forans for work performed by Star pursuant to a contract executed on June 24, 2003, by Star, the Forans and Seekonk for water main and appurtenant work in Seekonk.  The Forans were the officers and directors of Star Equipment Corporation at all relevant times.

Star contends it encountered changed site conditions during the project.  Due to the alleged changed conditions, Star advised Seekonk it would submit a change order; thereby raising the price of the contract.  Seekonk granted only a partial increase in the contract based upon the recommendations of its engineers.  Due to the impasse, Seekonk and Star both retained counsel in an effort to resolve the situation.[2]  Star, the Forans and Seekonk's representatives and counsel met on August 8, 2003, in an effort to resolve the dispute.  Star, Seekonk and the Forans have differing accounts as to what took place at the meeting.

Star did not return to work following the August 8, 2003 meeting based on their interpretation of what happened at the meeting.  Seekonk interpreted Star's failure to return to work as a default under the contract.  Seekonk informed Fidelity of the default and demanded payment of the bond.  Star contested Seekonk's claim of default.  Fidelity subsequently filed the pending declaratory judgment action.  Following the filing of the declaratory judgment action,

---

[2] Counsel retained by Star and Seekonk in 2003 are not involved in the pending action.

Seekonk filed a crossclaim against Star for Breach of Contract. Star and the Forans, in turn, filed crossclaims against Seekonk for Breach of Contract, Intentional and Negligent Misrepresentation, Interference with Business Relations and Defamation.

### b.    Mediation

The parties agreed to submit the case to mediation through the court's ADR program and agreed to use Scott A. Birnbaum, Esquire, an ADR Panel member, as a mediator. The mediation was scheduled for March 4, 2006. All parties, their representatives and counsel appeared at the mediation.

The parties eventually came to an agreement. The parties, their representatives and their counsel signed and executed a document entitled "Settlement Memorandum of Understanding." (A true and accurate copy is attached as Exhibit 1). The Memorandum, written by the mediator, contains three numbered paragraphs. The first paragraph calls for the payment of Fifty Thousand ($50,000.00) Dollars by Fidelity to Seekonk. (Exhibit 1). The second paragraph provides that the parties agree to release all claims in the pending action except for those claims and defenses involving Star, Forans and Fidelity. (Exhibit 1). The second paragraph is a release of all claims involving Fidelity, Seekonk, Star and the Forans. (Exhibit 1). The third paragraph notes that the settlement is conditioned upon the following two provisions: (a) Approval by appropriate municipal authorities; and (b) Execution of customary releases and settlement agreement. (Exhibit 1). All parties, their counsel and the mediator sign the memorandum. Star and the Forans subsequently refused to execute a further release and settlement agreement.

3

## II.    Argument

### a.  The Agreement Executed By the Parties is an Enforceable Settlement Agreement

A settlement agreement is an enforceable contract.  Parties entering into a voluntary settlement agreement cannot repudiate that agreement.  In Re Mal De Mer Fisheries, 884 F. Supp. 635, 637 (D.Mass. 1995), *citing*, Schneider v. Dumbarton Developers, Inc., 767 F.2d 1007, 1015 (D.C. Cir. 1985).  "A party to a settlement agreement may seek to enforce the agreement's terms when the other party reneges."  Malave v. Carney Hospital, 170 F.3d 217, 220 (1st Cir. 1999).  The court has power to summarily enforce a settlement agreement entered into by the parties so long as the litigation is pending before it.  In Re Mal De Mer Fisheries, *supra, citing,*  United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993).  The court will summarily enforce a settlement agreement so long as it is valid and does not violate public policy.  Bandera v. City of Quincy, 344 F.3d 47, 51-52 (2003); *citing*, Quint v. A.E. Staley Mfg. Co., 246 F.3d 11, 14 (1st Cir. 2001), *cert. Denied* 535 U.S. 1023 (1002).

By its own terms, the document signed by the parties on March 4, 2006 was for the purpose of resolving the claims in the pending action involving Fidelity and Seekonk as well as those claims involving Star, the Forans and Seekonk.  (Exhibit 1).  Consideration was to be given to Seekonk by Fidelity in the amount of Fifty Thousand ($50,00.00) Dollars.  Consideration was also exchanged between Seekonk, Star and the Forans in the form of the dropping of crossclaims each party held.  The document was entered into voluntarily by all of the parties.  The document is a contract for settlement between the parties.

As noted above, the agreement may not be summarily enforced if it violates public policy or is not valid. Bandera, 344 F.3d at 51-52. Further, a trial court may not summarily enforce a purported settlement agreement if there are genuinely disputed questions of material fact regarding the existence or terms of that agreement. Malave, 170 F.3d at 220; See Bandera, 344 F.3d at 51-52.

There is no evident public policy objection to the settlement. See Id. Likewise, there are no issues as to the validity of the agreement.    The parties and their counsel voluntarily executed the agreement. There is no evidence of coercion or that Star or the Forans did not receive proper representation by counsel. See In Re Mal De Mer Fisheries, 884 F. Supp. at 638. Further, the terms of the agreement are clearly set forth in the document. There is no ambiguity as to the terms of the resolution as to Fidelity and Seekonk or Seekonk, Star and the Forans. E.g. Quint, 246 F.3d, at 14-15. In plain language the document states that all claims were to be resolved except for those involving Fidelity, Star and the Forans. The Forans and Star clearly understood or should have understood by the plain language of the document they were releasing their claims against Seekonk and vice versa. The Forans and Star had counsel review the document prior to signing and could have requested he interpret or clarify any points they did not understand. If Star or the Forans wanted to condition the release of claims against Seekonk upon the resolution of the indemnifications claims held by Fidelity they had the opportunity to do so. Not only did they fail to raise such conditions in the agreement, but they and their attorney executed the document, which in clear and plain language released Seekonk while keeping in tact Fidelity's claims against them and their defenses thereto. Further, even if the Forans and Star had a differing subjective belief regarding the settlement terms

5

than what is written on the agreement, such subjective beliefs do not bar enforcement of the agreement. *See* Bandera, *supra*.

The Settlement Memorandum of Understanding was voluntarily executed by all parties and is a valid and enforceable settlement agreement. Bandera, 344 F.3d at 51-52; Malave, 170 F.3d at 220; Warner, 513 F.2d at 682.

> **b.    The absence of a customary release and settlement agreement as conditioned in the agreement does not preclude enforcement of the agreement.**

Section 3 of the document provides that the settlement is conditioned upon two provisions: (a) Approval by appropriate municipal authorities; and (b) Execution of customary releases and settlement agreement. (Exhibit 1). The Seekonk Water District approved the agreement in executive session; thereby meeting condition 3(a). The Forans and Star refuse to execute the "customary releases and settlement agreement" referenced in Paragraph 3(b). The defendant anticipates that Star and the Forans will argue that the agreement has not been satisfied due to the failure to meet 3(b).

In Bandera, the First Circuit notes that the plaintiff hints at making a similar argument. In Bandera, the parties attended a two-day mediation. At the end of the mediation the parties drafted a handwritten "Memorandum of Agreement" signed by counsel for both parties as well as the plaintiff. Bandera, 344 F.3d at 49. Paragraph 5 of the agreement provided as follows:

> The parties will execute a general release of all claims asserted or unasserted and a comprehensive settlement document which shall include non-admission and non-disclosure provisions.
> Id.

Ms. Bandera subsequently contacted defense counsel and disavowed the agreement and refused to sign a typewritten version of the agreement and

consonant release. Id., at 50. The Court considered the impact of the absence of a formalized agreement, as contemplated in Paragraph 5 of the Memorandum, and determined a finalized formal agreement did not prevent the enforcement of the Memorandum. "That the signed document contemplated a second more complete written agreement would not by itself automatically preclude treating the former as a binding contract." Id. at 52; See Quint, 246 F.3d at 15. The material terms of the settlement agreement (i.e., the agreement to release claims made by Star, Seekonk and the Forans and the payment by Fidelity to Seekonk) were agreed upon and are embodied in the agreement. The lack of a formalized and final release as contemplated in the executed agreement neither voids the agreement nor does it bar the enforcement of the agreement. Id.

The absence of an executed typewritten release is the solely the result of the Forans and Star's refusal to sign such a release. Counsel for Fidelity forwarded a typewritten release to counsel for Star and the Forans. Neither the Forans nor Star ever signed or returned the release. Further, they did not request any substantive changes to the material terms of the release. In fact, counsel for Star and the Forans reviewed the Release and submitted only a minor change. Star and the Forans cannot claim that the conditions to the settlement agreement have not been met as they are the ones preventing the happening of the condition. The condition must be excused and the agreement enforced. Wolbarsht v. Donnelly, 302 Mass. 568, fn. 1 (1939).

## III. Conclusion

For the foregoing reasons, Seekonk and Fidelity respectfully request that this Honorable Court enforce the Settlement Memorandum of Understanding between the parties by issuing the following orders:

7

1.    Dismissal with prejudice of all claims and/or crossclaims between

and among Town of Seekonk/Seekonk Water District, Charlene B.

Foran, John J. Foran and Star Equipment Corporation;

2.    Dismissal with prejudice of all claims and/or counterclaims

between Fidelity Guaranty & Insurance Company and Town of

Seekonk/Seekonk Water District upon the payment of Fifty

Thousand ($50,000.00) Dollars by Fidelity to Seekonk.


Respectfully submitted,
Defendant,
Town of Seekonk/Seekonk Water District
By their attorneys,

/s Andrew S. Brooslin

_____
Andrew S. Brooslin, BBO No.: 638238
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Plaintiff,
Fidelity and Guaranty Insurance Company,
By their attorneys,

/s Eric H. Loeffler

_____
Eric H. Loeffler, BBO No.: 641289
Hinshaw & Culbertson, LLP
One International Square
Boston, MA 02110
(617) 213-7100

DATED: July 28, 2006