UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY and GUARANTY
INSURANCE COMPANY,

    Plaintiff

v.                                                 Civil Action No. 04-10250 EFH

STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN, JOHN J. FORAN
and TOWN OF SEEKONK,

    Defendants

**OPPOSITION OF DEFENDANTS, STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN and JOHN J. FORAN
TO JOINT MOTION OF DEFENDANT, TOWN OF SEEKONK and
PLAINTIFF, FIDELITY and GUARANTY INSURANCE COMPANY
TO ENFORCE SETTLEMENT AGREEMENT**

The defendants Star Equipment ("Star"), Charlene B. Foran and John J. Foran (collectively, "the Forans"), hereby oppose the joint motion of the defendant, Town of Seekonk ("Seekonk"), and the plaintiff, Fidelity and Guaranty Insurance Company ("F&G") to enforce an alleged settlement agreement.

As a basis for their opposition, Star and the Forans offer the following.

1. Following mediation on March 4, 2006, all parties and their counsel executed a Settlement Memorandum of Understanding, containing the terms of a proposed agreement to settle this action. The memorandum contained contingencies, however, and the parties reported to the court, through the mediator, only that "significant progress was made towards full settlement of this matter." See,

<u>Document number 35, filed on April 6, 2006.</u>  The case was then set down for a status conference, as suggested by the mediator, approximately two months later, on June 29, 2006.

2. The reason the parties signed a Memorandum of Understanding, and scheduled the case for a follow-up status conference – as opposed to seeking a nisi order, reporting the case settled, or filing some other type of stipulation typically seen upon a full settlement – was that the March 4th mediation was subject to conditions subsequent, and did not dispose of all the issues between the parties. The Settlement Memorandum of Understanding itself corroborates this, as it indicates that: (a) Seekonk required "appropriate municipal" approval; and (b) the parties still needed to draft, and execute a settlement agreement.  Among the matters that remained to be worked out after the mediation, but before the execution of a settlement agreement, was the dispute between Fidelity in its capacity as surety, and the Forans.

3. That dispute centered around whether, and to what extent, the Forans would pay money to Fidelity due to the losses sustained by Fidelity under the bond.  That issue was so significant, the parties reserved their rights against each other in paragraph 2 in the Memorandum of Understanding.  In order to resolve the issue during the two-month interval between the mediation and the status conference, Fidelity and the Forans agreed that the Forans would provide a comprehensive financial statement to Fidelity, for its review.  Upon that review, the parties agreed that resolution of this issue would be addressed.

4. In executing the memorandum of understanding, the Forans gave up substantial claims against the town of Seekonk, agreed to bear their own significant legal fees, and essentially ceded control of the litigation settlement to Fidelity, as required under the terms of their bond. However, they did so upon the explicit representations of Fidelity's representative at the mediation that she would "work with the Forans" to resolve the Fidelity – Foran dispute in a manner that would be palatable to them; and, that their cooperation in the mediation would go a long way toward a favorable outcome in that resolution.

5. Notwithstanding the foregoing, and notwithstanding the fact that the Forans promptly provided the financial statement called for in the agreement (the statement having been mailed to Fidelity's counsel in early May, 2006), Fidelity and the Forans have been unable to come to any agreement as to their dispute. The Forans executed the settlement memorandum of understanding and gave up their much-desired day in court against Seekonk upon the explicit representation of Fidelity's representative that they would be able to work out their dispute over whether the surety would receive any payment from the Forans in a favorable manner. That has not occurred, and that is why no settlement agreement has been executed by the Forans.

6. The joint motion asserts that their exists a "settlement agreement executed by the parties and their attorneys" that they now seek to enforce. The memorandum itself clearly indicates otherwise. For example, had Seekonk not obtained approval of the settlement terms, there would be no agreement. That it did, does not change the fact that on March 4 – in executing the Memorandum of

Understanding - there existed contingencies prior to the execution of a settlement agreement. The fact that some of those contingencies may have been met does not mean that the "memorandum of understanding" somehow flowered into an enforceable agreement. On March 4, 2006 – as reported by the mediator – nothing more occurred than "significant progress toward settlement." There is no enforceable agreement.

7. Even were there a settlement agreement arrived at on that day, it is well-settled that, where, as here, there exists a dispute as to the agreement, "a trial court may not summarily enforce a settlement agreement…" *Malave v. Carney Hosp.,* 170F.3d217, 220 (1st Cir. 1999). The role of a trial court when a dispute arises is to resolve the dispute. *Bandera v. City of Quincy,* 344F.3d47, 52 (1st Cir. 2003).

8. The *Bandera* case, relied on heavily by the joint movants, resulted in a remand by the court of appeals to the district court for proceedings to determine whether "a valid settlement agreement was established…" id. at 55. Thus, while Fidelity and Seekonk rely on dicta from the *Bandera* case, its outcome is that which the Forans and Star seek here: viz, a trial on the merits, together with a review of whether a settlement agreement ever existed between the parties.

9. A significant distinction in the *Bandera* case is the fact that the municipal signator specifically included in the agreement a provision, at paragraph eight, that he had the authority to sign for (and, presumably, bind) the defendants. Here, Seekonk retained the right to have the agreement terms set forth in the memorandum of understanding approved. Having reserved that right, Seekonk cannot now claim that it executed an enforceable settlement agreement.

For all of the foregoing reasons, Star and the Forans respectfully request that the joint motion be denied.

Respectfully submitted,
By their attorney,

_____/s/_____
James S. Timmins BBO # 547512
55 Willard Street
Quincy MA 02169
(617) 376-0700

DATE:   August 4, 2006

## VERIFICATION

I, James S. Timmins, hereby certify that to the extent factual representations are made in this motion, they are true and accurate.

Executed under penalty of perjury.

_____/s/_____
James S. Timmins

## CERTIFICATE OF SERVICE

I, James S. Timmins, hereby certify that I served a true copy of this document to Counsel of Record, via e-mail:

| | |
|---|---|
| Andrew S. Brooslin, Esq. | Eric H. Loeffler, Esq. |
| Brody, Hardoon, Perkins & Kesten, LLP | Hinshaw & Culbertson, LLP |

EXECUTED UNDER THE PENALTY OF PERJURY THIS 4th DAY OF AUGUST, 2006.

_____/s/_____
James S. Timmins