UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY and GUARANTY
INSURANCE COMPANY,

    Plaintiff

v.                                              Civil Action No. 04-10250 EFH

STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN, JOHN J. FORAN
and TOWN OF SEEKONK,

    Defendants

**OPPOSITION OF DEFENDANTS, STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN and JOHN J. FORAN
TO JOINT MOTION OF DEFENDANT, TOWN OF SEEKONK and
PLAINTIFF, FIDELITY and GUARANTY INSURANCE COMPANY
FOR RECONSIDERATION OF THE COURT'S DENIAL OF THEIR JOINT
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

The defendants Star Equipment ("Star"), Charlene B. Foran and John J. Foran (collectively, "the Forans"), hereby oppose the joint motion of the defendant, Town of Seekonk ("Seekonk"), and the plaintiff, Fidelity and Guaranty Insurance Company ("F&G") for reconsideration of this court's denial of their motion to enforce an alleged settlement agreement.

As a basis for their opposition, Star and the Forans offer the following.

1. The motion for reconsideration presents nothing new in the way of argument; it simply restates the original argument made, which was given due consideration by this court. The moving parties continue to assert that there existed a settlement

agreement - when, in fact, it is clear from the records of this court that there was not. The parties executed a memorandum of understanding; that memorandum contained contingencies, however, and the parties reported to the court, through the mediator, only that "significant progress was made towards full settlement of this matter." <u>See, Document number 35, filed on April 6, 2006.</u> The case was then set down for a status conference, as suggested by the mediator, approximately two months later, on June 29, 2006. The parties did not report the case settled, as did the parties in *Wang Laboratories, Inc. v. Applied Computer Sciences,* (741 F. Supp. 992 [D.Mass. 1990]}, a case relied on by the moving parties.

2. The reason the parties signed a Memorandum of Understanding, and scheduled the case for a follow-up status conference – as opposed to seeking a nisi order, reporting the case settled, or filing some other type of stipulation typically seen upon a full settlement – was that the March 4th mediation was subject to conditions subsequent, and did not dispose of all the issues between the parties. The Settlement Memorandum of Understanding itself corroborates this, as it indicates that: (a) Seekonk required "appropriate municipal" approval; and (b) the parties still needed to draft, and execute a settlement agreement. The efficiency of that language belies the fact that more than simply "appropriate municipal" approval was necessary. There was discussion among the parties during this protracted mediation, resulting in – as the mediator put it - "significant progress," and no more.

3. As explained in a prior opposition memorandum, among the matters that remained to be worked out after the mediation, but before the execution of a settlement agreement, was the dispute between Fidelity in its capacity as surety, and the Forans. That dispute centered around whether, and to what extent, the Forans would pay money to Fidelity due to the losses sustained by Fidelity under the bond. That issue was so significant, the parties reserved their rights against each other in paragraph 2 in the Memorandum of Understanding. In order to resolve the issue during the two-month interval between the mediation and the status conference, Fidelity and the Forans agreed that the Forans would provide a comprehensive financial statement to Fidelity, for its review. Upon that review, the parties agreed that resolution of this issue would be addressed.

4. In executing the memorandum of understanding, the Forans gave up substantial claims against the town of Seekonk, agreed to bear their own significant legal fees, and essentially ceded control of the litigation settlement to Fidelity, as required under the terms of their bond. However, they did so upon the explicit representations of Fidelity's representative at the mediation that she would "work with the Forans" to resolve the Fidelity – Foran dispute in a manner that would be palatable to them; and, that their cooperation in the mediation would go a long way toward a favorable outcome in that resolution.

5. Notwithstanding the foregoing, and notwithstanding the fact that the Forans promptly provided the financial statement called for in the agreement (the statement having been mailed to Fidelity's counsel in early May, 2006), Fidelity and the Forans have been unable to come to any agreement as to their dispute.

    The Forans executed the settlement memorandum of understanding and gave up their much-desired day in court against Seekonk upon the explicit representation of Fidelity's representative that they would be able to work out their dispute over whether the surety would receive any payment from the Forans in a favorable manner.  That has not occurred, and that is why no settlement agreement has been executed by the Forans.  Moreover, one of the moving parties, Seekonk retained the right to have the agreement terms set forth in the memorandum of understanding approved.  Having reserved that right, Seekonk cannot now claim that it executed an enforceable settlement agreement.

6. The court correctly ruled on this motion the first time it was presented.  There is no settlement agreement to enforce, and even were there one, it is well-settled that, where, as here, there exists a dispute as to the agreement, "a trial court may not summarily enforce a settlement agreement…" *Malave v. Carney Hosp.,* 170F.3d217, 220 (1st Cir. 1999).  For all of the foregoing reasons, Star and the Forans respectfully request that the request for reconsideration be denied.

                                            Respectfully submitted,
                                            By their attorney,

                                            _____/s/_____
                                            James S. Timmins BBO # 547512
                                            55 Willard Street
                                            Quincy MA 02169
                                            (617) 376-0700

DATE:   November 21, 2006

VERIFICATION

I, James S. Timmins, hereby certify that to the extent factual representations are made in this motion, they are true and accurate.

Executed under penalty of perjury.

_____/s/_____
James S. Timmins

CERTIFICATE OF SERVICE

I, James S. Timmins, hereby certify that I served a true copy of this document to Counsel of Record, via e-mail:

Andrew S. Brooslin, Esq.                Eric H. Loeffler, Esq.
Brody, Hardoon, Perkins & Kesten, LLP   Hinshaw & Culbertson, LLP

EXECUTED UNDER THE PENALTY OF PERJURY THIS 22d DAY OF NOVEMBER, 2006.

_____/s/_____
James S. Timmins