UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY AND GUARANTY
INSURANCE COMPANY,

    Plaintiff,

v.

STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN, JOHN J. FORAN,
and TOWN OF SEEKONK,

    Defendants.

CIVIL ACTION NO. 1:04-CV-10250-EFH

### FIDELITY AND GUARANTY INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

The plaintiff, Fidelity and Guaranty Insurance Company ("F&G"), hereby moves this Honorable Court for leave to file a Motion for Summary Judgment against the defendants, Star Equipment Corporation ("Star"), Charlene B. Foran and John J. Foran (hereinafter collectively referred to as the "Defendants" or "Indemnitors"). F&G's proposed Motion for Summary Judgment, Memorandum of Law in Support thereof, Statement of Undisputed Material Facts and Affidavit of Timothy G. Snyder are attached hereto as <u>Exhibits 1 through 4</u>, respectively. As grounds for this Motion, F&G states as follows:

    1.    At all times relevant to this action, F&G has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects. At all times relevant to this action, Star was in the business of construction contracting.

    2.    On or about June 28, 2002, the Indemnitors executed a General Agreement of Indemnity ("GAI") for the purpose of indemnifying F&G in connection with surety bonds issued

1

by F&G on behalf of Star for certain construction projects. Pursuant to the express terms of the GAI, the Indemnitors are required to reimburse F&G for all loss, costs, attorneys' fees, interest and expense of every kind or nature incurred by F&G in its investigation, evaluation, defense and/or discharge of claims made against surety bonds issued by F&G on behalf of Star, as principal.

3. On June 24, 2002, Star entered into a contract with Town of Seekonk, Massachusetts ("Seekonk") to perform work on the project known as "Installation of Replacement Watermains and Appurtenant Work, Contract No. 2003-W1," in Seekonk, Massachusetts ("the Project"). As a direct and proximate result of the Indemnitors executing the GAI, and in reliance thereon, F&G, as surety, executed a performance bond ("the Bond") at the request and on behalf of Star, as principal, for the benefit of the Seekonk, as obligee, for the Project.

4. On or about February 5, 2004, F&G commenced this declaratory judgment action due to a controversy between Star and Seekonk as to whether these parties had mutually agreed to settle a dispute concerning the Project and, correspondingly, whether F&G had any liability on the Bond as a result. F&G also asserted claims against the Indemnitors for breach of the GAI.

5. On or about October 31, 2005, F&G filed a Motion for Summary Judgment seeking enforcement of the collateral security provision of the GAI, which requires that the Indemnitors place F&G in funds sufficient to secure F&G against any future loss, cost or expense.

6. On or about December 14, 2005, the Court denied F&G's motion for summary judgment, without hearing. The Court did not issue a written decision regarding the basis for its denial of the Motion.

7. On or about March 4, 2006, the parties conducted a mediation through this Court's ADR program. All parties, their representatives and counsel appeared at the mediation.

8. The parties came to an agreement at the mediation and the parties, their representatives and their counsel signed and executed a document entitled "Settlement Memorandum of Understanding" ("Settlement Memorandum"), which provided:

### Settlement Memorandum of Understanding

1. Fidelity and Guaranty Ins. Co. ("Fidelity") will pay to the Seekonk Water District/Town of Seekonk, Mass., the sum of Fifty Thousand dollars ($50,000.00);

2. The parties hereto agree to Release all claims asserted in the action entitled Fidelity & Guaranty Ins. Co. v. Star Equipment Corp., et al., #1:04-cv-10250-EFH (D. Mass.) except that Star, Charlene Foran & John Foran and Fidelity do not release claims & defenses they have against each other.

3. This settlement is conditioned upon:

    (a) Approval by appropriate municipal authorities; and

    (b) Execution of customary releases and settlement agreement.

9. The Indemnitors subsequently refused to abide by the terms of the agreement.

10. On July 28, 2006, Seekonk and F&G filed a Joint Motion to Enforce Settlement Agreement, which the Court denied without a hearing on August 9, 2006. On November 3, 2006, F&G and Seekonk filed a Joint Motion seeking reconsideration of the Court's decision in light of the express terms of the Settlement Memorandum and well-established case law concerning the enforcement of settlement agreements.

11. On November 28, 2006, the Court held a hearing on the Joint Motion for Reconsideration and, on November 29, 2006, the Court entered an Order allowing the Motion. Pursuant to the Order, the Court enforced the settlement agreement.

12. As a result, on or about January 19, 2007, F&G paid Seekonk $50,000.00 pursuant to the terms of the settlement agreement. F&G has also sustained additional losses on the form of another loss payment in the amount of $24,229.05, and attorneys' fees and expenses in the amount of at least $36,657.50. Pursuant to the express terms of the GAI, the Indemnitors are obligated to reimburse F&G for these incurred losses and expenses.

13. Insofar as the deadline for summary judgment motions has since passed, and the underlying dispute involving Seekonk has been resolved, F&G now seeks leave to file a renewed Motion for Summary Judgment concerning its indemnification claims against the Indemnitors. As discussed below, summary judgment is an appropriate mechanism for disposing of such claims.

14. It is well settled in Massachusetts and elsewhere that a surety is entitled to indemnification for payments made to discharge its principal's obligations. See Pearlman v. Reliance Ins. Co., 371 U.S. 132, 137 (1962); Admiral Drywall, Inc. v. Cullen, 56 F.3d 4, 5 (1st Cir. 1995). Indeed, the Supreme Judicial Court of Massachusetts has specifically held, in construing similar indemnity agreements, that "[i]t is plain that the broad language of [the indemnity clause] manifests an intention to provide comprehensive protection to the [surety] for any losses which it might sustain because of its obligations on these surety bonds." Peerless Cas. Co. v. Marinucci Bros. & Co., 336 Mass. 691, 695 (1958) (emphasis added), citing Curtis v. Banker, 136 Mass. 355, 359 (1884) and Hartford Accident & Indemnity Company v. Casassa, 301 Mass. 246, 255 (1938).

34028220v1 856797

15. As the First Circuit recently noted, "when an indemnity agreement gives a surety broad discretion to pay claims triggering the indemnity agreement, *the only defense an indemnitor may raise against a claim by the surety for indemnification is that the surety committed fraud or collusion, or otherwise acted in bad faith in paying the claim.*" Constructora Andrade Gutierrez, S.A. v. American Intern. Ins. Co. of Puerto Rico, 467 F.3d 38 (1st Cir. 2006) (emphasis added). Massachusetts courts have specifically held with respect to these indemnity agreements that "[w]ant of good faith involves more than bad judgment, negligence or insufficient zeal. It carries an implication of a dishonest purpose, conscious doing of wrong, or breach of duty through motive of self-interest or ill will." Hartford Acc. and Indem. Co. v. Millis Roofing and Sheet Metal, Inc., 11 Mass. App. Ct. 998 (1981).

16. Because of an indemnitor's high burden, courts in Massachusetts and elsewhere have consistently used summary judgment as a vehicle for disposing of similar indemnity claims by sureties. See, e.g., Transamerica Premier Ins. Co. v. Electro Maintenance and Service Corp., 1994 WL 879652 (Mass. Super. 1994) (granting surety's motion for summary judgment on indemnification claim); Union Pacific Ins. Co. v. Caruso Development Co., Inc., 1994 WL 879823 (Mass. Super. 1994) (same); Travelers Cas. and Sur. Co. of America, Inc. v. Jadum Const., Inc., 2003 WL 21653368 (D. Mass. 2003); United States v. JMG Excavating & Constr. Co., 2004 U.S. Dist. LEXIS 13334, accepted by 2004 U.S. Dist. LEXIS 15226 (D. Me. 2004) (granting summary judgment in favor of surety against indemnitors); Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc., 85 F.3d 201 (5th Cir. 1996) (upholding summary judgment in favor of surety against indemnitors); Continental Casualty Company v. American Security Corp., 443 F.2d 649 (D.C. Cir. 1970); United States Fid. & Guar. Co. v. Feibus, 15 F. Supp. 2d 579 (E.D. Pa. 1998).

34028220v1 856797

17.     This matter is currently scheduled for trial on March 26, 2007. Permitting F&G to file the attached Motion for Summary Judgment is in the interest of justice and judicial economy, and may result in the disposition of this matter without the parties having to incur the considerable time and expense associated with preparing for and conducting a trial.

WHEREFORE, Fidelity and Guaranty Insurance Company respectfully requests that this Honorable Court allow this Motion and accept for filing the attached Motion for Summary Judgment, Memorandum of Law in Support thereof, Statement of Undisputed Material Facts and Affidavit of Timothy G. Snyder, and that the Court grant F&G such other and further relief that the Court deems just and appropriate.

Respectfully submitted,

FIDELITY AND GUARANTY INSURANCE COMPANY,

By its attorney,

/s/ Eric H. Loeffler
Bradford R. Carver, BBO #565396
Eric H. Loeffler, BBO #641289
Hinshaw & Culbertson LLP
One International Place, Third Floor
Boston, MA 02110
(617) 213-7000

34028220v1 856797

## CERTIFICATION UNDER LOCAL RULE 7.1 (A)(2)

In accordance with Local Rule 7.1, I, Eric H. Loeffler, do hereby certify that I have conferred with counsel for the defendants, Star Equipment Corporation, Charlene B. Foran and John J. Foran, in good faith to try to resolve or narrow the issues contained in F&G's the above Motion. Despite our conference, it is nevertheless necessary for F&G to ask the Court to resolve this dispute through this Motion.

/s/ Eric H. Loeffler
Eric H. Loeffler, BBO #641289
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7000

## CERTIFICATE OF SERVICE

I, Eric H. Loeffler, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 13, 2007.

/s/ Eric H. Loeffler
Eric H. Loeffler, BBO #641289
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7000

34028220v1 856797