# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

FIDELITY AND GUARANTY
INSURANCE COMPANY,

       Plaintiff,

v.                                                    CIVIL ACTION NO. 1:04-CV-10250-EFH

STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN, JOHN J. FORAN,
and TOWN OF SEEKONK,

       Defendants.

---

## FIDELITY AND GUARANTY INSURANCE COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Now comes the plaintiff, Fidelity and Guaranty Insurance Company ("F&G"), pursuant to Local Rule 56.1 (D. Mass.), and identifies the following material facts of record as to which there is no genuine issue to be tried.

1.     At all times relevant to this action, F&G has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects.  See Affidavit of Timothy G. Snyder, (hereinafter, "Snyder Aff."), ¶2.

2.     At all times relevant to this action, Star Equipment Corp. ("Star") is or was in the business of construction contracting.  Snyder Aff., ¶3.

3.     On or about June 28, 2002, Star, Charlene B. Foran and John J. Foran (hereinafter collectively referred to as "the Indemnitors") executed a General Agreement of Indemnity

1

("GAI") for the purpose of indemnifying F&G in connection with surety bonds issued by F&G on behalf of Star for certain construction projects.  Snyder Aff., ¶4.

4.      The GAI provides (¶4) that "the [Indemnitors] shall indemnify [F&G] and hold it harmless from and against all claims, damages, expenses, losses, costs, professional and consulting fees, disbursements, interests and expenses of every nature . . . which [F&G] may sustain, incur or become liable for by reason of having executed or procured the execution of any Bond or Bonds, or by making any investigation of any matter concerning any Bond or Bonds, or by prosecuting or defending any action in connection with any Bond or Bonds, or by recovering any salvage or enforcing this Agreement."  Snyder Aff., ¶5.

5.      The GAI provides (¶7) that F&G "may settle or compromise any claim, liability, demand, suit or judgment upon any Bond or Bonds executed or procured by it, and any such settlement or compromise shall be binding upon the [Indemnitors]."  Snyder Aff., ¶6.

6.      The GAI provides (¶7) that "[v]ouchers or other evidence or payments made by [F&G] shall be *prima facie* evidence of the fact and amount of the liability of the [Indemnitors] to [F&G]."  Snyder Aff., ¶7.

7.      On June 24, 2002, Star entered into a contract with the Town of Seekonk, Massachusetts ("Seekonk") to perform work on the project known as "Installation of Replacement Watermains and Appurtenant Work, Contract No. 2003-W1," in Seekonk, Massachusetts ("the Project").  Snyder Aff., ¶8.

8.      As a direct and proximate result of the Indemnitors executing the GAI, and in reliance thereon, F&G, as surety, executed a Performance Bond ("the Performance Bond") and a Labor and Materials payment bond ("the Payment Bond") at the request and on behalf of Star, as principal, for the benefit of the Seekonk, as obligee, for the Project.  Snyder Aff., ¶9.

2

9.    By letter dated September 11, 2003, Seekonk gave notice to F&G that Star was in default of its contractual obligations and demanded that F&G perform its obligations under the Performance Bond. Star responded to Seekonk and to F&G, denying that Star was in default of its contractual obligations. Snyder Aff., ¶10.

10.    On or about February 5, 2004, F&G commenced this declaratory judgment action due to a controversy between Star and Seekonk as to whether these parties had mutually agreed to settle their dispute and, correspondingly, whether F&G has any liability on the Bond as a result. F&G also asserted claims against the Indemnitors for breach of the GAI. Snyder Aff., ¶11.

11.    The parties subsequently agreed to submit the case to mediation through the Court's ADR program which occurred on March 4, 2006. All parties, their representatives and counsel appeared at the mediation. Snyder Aff., ¶12.

12.    The parties came to an agreement and the parties, their representatives and their counsel signed and executed a document entitled "Settlement Memorandum of Understanding" ("Settlement Memorandum"). Snyder Aff., ¶13. The Settlement Memorandum provides:

### Settlement Memorandum of Understanding

1.    Fidelity and Guaranty Ins. Co. ("Fidelity") will pay to the Seekonk Water District/Town of Seekonk, Mass., the sum of Fifty Thousand dollars ($50,000.00);

2.    The parties hereto agree to Release all claims asserted in the action entitled Fidelity & Guaranty Ins. Co. v. Star Equipment Corp., et al., #1:04-cv-10250-EFH (D. Mass.) except that Star, Charlene Foran & John Foran and Fidelity do not release claims & defenses they have against each other.

3.    This settlement is conditioned upon:

    (a)    Approval by appropriate municipal authorities; and

    (b)    Execution of customary releases and settlement agreement.

3

34028374v1 856797

Snyder Aff., ¶13. The Settlement Memorandum was executed by all parties, their counsel and the mediator. Id.

13.    The Indemnitors subsequently refused to abide by the terms of the agreement. Snyder Aff., ¶14.

14.    On July 28, 2006, Seekonk and F&G filed a Joint Motion to Enforce Settlement Agreement, which the Court denied without a hearing on August 9, 2006. Snyder Aff., ¶15.

15.    On November 3, 2006, F&G and Seekonk filed a Joint Motion requesting that the Court reconsider its decision in light of the express terms of the Settlement Memorandum and well-established case law concerning the enforcement of settlement agreements. Snyder Aff., ¶16.

16.    On November 28, 2006, the Court held a hearing on the Joint Motion for reconsideration and, on November 29, 2006, the Court entered an Order allowing the Motion. Pursuant to the November 29, 2006 Order, the Court also enforced the settlement agreement. Snyder Aff., ¶17.

17.    Following the approval of the settlement, on or about January 19, 2007, F&G paid Seekonk $50,000.00 pursuant to the terms of the settlement agreement. Snyder Aff., ¶18.

18.    F&G also received a claim from Public Works Supply Company ("PWS") on the Payment Bond issued with respect to the Project. On or about February 24, 2004, F&G, in good faith and pursuant to its obligations as surety, investigated and ultimately resolved the PWS claim by making a payment to PWS in the amount of $24,229.05. Snyder Aff., ¶19.

19.    As result of the forgoing, F&G has sustained losses in the form of payments to bond claimants (Seekonk and PWS) in the amount of $74,229.05. Snyder Aff., ¶20.

4

20.    F&G has also incurred attorneys' fees and expenses in the amount of $36,657.50 in the investigation, defense and resolution of claims made on the Bonds, and in enforcing the terms of the GAI in this action, all of which are recoverable under the specific terms of the GAI. Snyder Aff., ¶21.

21.    Thus, F&G has incurred a total loss in the amount of at least $110,886.55, and anticipates incurring additional attorneys' fees and expenses in further prosecution of this action. Snyder Aff., ¶22.

22.    The Indemnitors have not reimbursed F&G for these losses, costs and expenses in violation of the express terms of the GAI.  Snyder Aff., ¶23.

23.    At all times relevant hereto, F&G has acted in good faith.  Snyder Aff., ¶24.

24.    F&G has complied with all conditions precedent to maintaining this action. Snyder Aff., ¶25.

Respectfully submitted,

FIDELITY AND GUARANTY INSURANCE COMPANY,

By its attorneys,

/s/ Eric H. Loeffler
Bradford R. Carver, BBO #565396
Eric H. Loeffler, BBO #641289
Hinshaw & Culbertson LLP
One International Place, Third Floor
Boston, MA 02110
(617) 213-7000

Dated: February 13, 2007

5

## CERTIFICATE OF SERVICE

I, Eric H. Loeffler, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 13, 2007.

/s/ Eric H. Loeffler
Eric H. Loeffler, BBO #641289
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA 02110
(617) 213-7000

6