UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIDELITY and GUARANTY
INSURANCE COMPANY,

    Plaintiff

v.                                          Civil Action No. 04-10250 EFH

STAR EQUIPMENT CORPORATION,
CHARLENE B. FORAN, JOHN J. FORAN
and TOWN OF SEEKONK,

    Defendants

## MEMORANDUM OF LAW IN OPPOSITION TO
## MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

    The defendants Star Equipment ("Star"), Charlene B. Foran and John J. Foran (collectively, "the Forans"), submit this memorandum in opposition to the motion of Fidelity and Guaranty Insurance Company ("F&G") to file a motion for summary judgment.

    This matter involves a claim on a bond executed by F&G, as surety, on behalf of Star, a contractor that won a competitive bid for a Seekonk water main installation project. After commencing the work, Star encountered site conditions that were significantly different from those set forth in the job specification and bid package. It called this fact to the attention of Seekonk officials, and a dispute arose as to the respective obligations of the parties.

Last March, during a court-ordered mediation, the parties executed a memorandum of understanding, essentially resolving the case, pending some post-mediation activity involving the parties. Not all of what was represented would occur did, in fact, occur after the mediation; Fidelity did not finalize an agreement with the Forans on their personal liability, as its representative assured it would. As a result, Star and the Forans contested that the agreement contemplated in fact was achieved. They refused to sign the settlement agreement, resulting in further intervention by this court – which ordered on November 29, 2006 that Fidelity's request for enforcement of the memorandum of understanding be granted.[1] Here, on the eve of trial, and long after the deadline for summary judgment has passed, Fidelity seeks to file another motion for summary judgment.[2]

This motion should be denied for at least three reasons.

First, it is well-established under Article III of the Expense and Delay Reduction Plan, which governs all cases pending in this court, that delay associated with motion practice is to be avoided. (<u>See,</u> Rule 3.01,Comment)("The guiding principle expressed in Rule 3.01 is that by setting target dates, the delay associated with motion practice is likely to be reduced.") This motion, filed almost three months after the entry of the Order which purportedly triggered its filing, is a classic example of the very practice which the Expense and Delay Reduction Plan was enacted to avoid: motions which do nothing more than delay trial.

Should the motion be allowed, it will result in a motion "exercise" which will necessarily postpone the trial; notwithstanding the fact that the very motion has already

---

[1] This order was in response to a motion for reconsideration, filed by Fidelity, in response to this court's prior denial of the same request.
[2] The court has already denied a prior summary judgment motion, filed on October 31, 2005.

been filed, considered, and denied by this court in 2005. This delay is unnecessary, and unfair to the Forans, who – like the court – have a right to see this matter resolved and disposed of.

Second, as set forth in the Affidavit of John Foran, filed herewith, there remain several significant fact questions to be resolved at trial – fact issues which preclude the entry of a summary judgment.[3] This declaratory judgment action seeks resolution of the question whether Fidelity was liable on its bond to Seekonk, with the underlying question being whether, and to what extent, Star had liability to Seekonk. The facts presented here will show that the Forans included Fidelity and its counsel in the 2003 negotiations that resulted in Star's release from liability to Seekonk; and, relied on the representations made by Fidelity and its counsel at the time Star left the job in Seekonk - with the permission of both Seekonk and Fidelity officials (See, Affidavit of John Foran at ¶¶ 9 and 10). Star and the Forans obtained a full release and discharge from Seekonk, and did so to Fidelity's satisfaction. This will be established at the trial, now scheduled to occur in less than four weeks.

Fidelity's motion is an attempt to avoid a fair exploration of these facts – and no more. Where, as here, such fact questions exist, summary judgment – particularly when sought at the eleventh hour – should be denied.

Finally, Fidelity argues that summary judgment is an appropriate mechanism for resolving claims of this nature (indemnification) implying that the law is black-letter, and the burden on an indemnitor is virtually impossible to overcome. However, Fidelity's

---

[3] Presumably, these fact disputes served as the basis for this court's prior denial of summary judgment.

right to indemnification is dependent upon the scope of its liability in this action, which has always been contingent upon the liability, if any, of Star.  See Mestek, Inc. v. United Pacific Ins. Co., 40 Mass. App. Ct. 729, 732 (1996) (surety not liable unless his principle is liable); R.I. Hosp. Trust Natl. Bank v. Ohio Cas. Ins. Co., 789, F.2d 74, 78 (lst Cir. 1986) (same).  Additionally, the release of the principal discharges the surety as a matter of law.  Chicago Title Ins. Co. v. Lumbermen's Mut.Cas. Co., 120 Md. App. 538, 551 (1998); see also RESTATEMENT (THIRD) SURETYSHIP & GUARANTY §39.  Where, as here, Star was clearly not liable to Seekonk, and in fact was discharged from liability by Seekonk in August of 2003 (See, Affidavit of John Foran at ¶ 7) with the approval of the surety, the implication by Fidelity that the outcome here is a *fait accompli* is simply wrong.

At trial, the court will hear evidence that Fidelity and its attorneys were involved in this matter from the first sign of trouble; that Fidelity and its attorneys were part of the process whereby Star and the Forans extricated themselves from the trouble; and that Fidelity and its attorneys took part in, and approved, Star's release and discharge from the underlying obligation.  The proposed summary judgment motion, proffered (a) sixteen months after the denial of the first summary judgment motion, (b) almost three months after the order of this court upon which Fidelity relies as a basis for its filing, and (c) less than one month before trial, should not even be so much as considered at this late date.

The parties will resolve this matter at trial, and further delay of that resolution is unfair, and contra to the Expense and Delay Reduction Plan governing the disposition of

all civil actions pending in this court. For the foregoing reasons, the motion for leave to file the summary judgment motion at this late juncture should be denied.

        By their attorney,

        _____/s/_____
        James S. Timmins BBO # 547512
        55 Willard Street
        Quincy MA 02169
        (617) 376-0700

DATE:   February 27, 2007

5