# EXHIBIT B

SECTION 00610
CONTRACT BOND

PERFORMANCE BOND:

(NOTE: This Bond is issued simultaneously with the attached Labor and Materials Bonds in favor of the Owner.)

KNOW ALL MEN BY THESE PRESENTS: That we

__Star Equipment Corp._____
(~~an individual, a partnership,~~ a corporation)

duly organized under the Laws of the State (or Commonwealth) of

__Massachusetts_____, and having a usual place of

business at __30 Heath Road, South Easton, MA 02375_____, as Principal, and

__Fidelity and Guaranty Insurance Company_____ a corporation duly

organized under the Laws of the State (or Commonwealth) of __Iowa_____

and duly authorized to do business in the State (or Commonwealth) of __Massachusetts__,

and having a usual place of business at __Franklin Oaks Office Park, 124 Grove Street, Franklin, MA 02038__,

as Surety are holden and stand firmly bound and obligated unto the Town of Seekonk, MA as

obligee, in the sum of __Two Hundred Eighty-Five Thousand Eighty Three and 13/100—__
($285,083.13)

lawful money of the United States of America, to and for the true payment whereof we bind

ourselves and, each of us, our heirs, executors, administrators, successors, and assigns, jointly and

severally, firmly by these presents.

#2508 – Replacement Mains

Contract Bond
00610-1

WHEREAS, the Principal, by means of a written AGREEMENT (which together with the Contract Documents in said AGREEMENT referred to are collectively sometimes referred to as the "CONTRACT") dated _____ has entered into a contract with the said obligee for Installation of Replacement Watermains and Appurtenant Work, Contract 2003-W1, a copy of which AGREEMENT is attached hereto and by reference made a part hereof.

NOW THEREFORE, THE CONDITION of this obligation is such that if the Principal shall well and truly keep and fully and faithfully perform all of the terms and conditions of said AGREEMENT and of the "Contract Documents" referred to in said AGREEMENT (which collectively are hereinafter and in said AGREEMENT sometimes referred to as the "Contract") and all modifications thereof on the Principal's part to be performed, this obligation shall be void; otherwise it shall remain in full force and effect.

Wherever the said Principal shall be, and declared by the Owner to be, in default under the said Contract, the Owner having performed the Owner's obligations thereunder, the Surety, for value received, shall promptly remedy the default, or, at the option of the Owner, shall promptly

    (a) Complete the said AGREEMENT and/or Contract in accordance with its terms and conditions, or
    (b) Obtain a bid or bids for submission to and the approval of the Owner for completing the said AGREEMENT and/or Contract and any modifications thereof in accordance with the terms and conditions thereof, and upon determination by the Owner and the Surety of the lowest responsible and acceptable bidder, arrange for a contract between such bidder and the Owner, and make available to the Owner as the Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less a sum that shall be equal to the difference between the Contract price as fixed and provided in said AGREEMENT and/or Contract or any modifications thereof to be paid thereunder to the Principal and the amount previously paid by the Owner to and/or for the account of and/or chargeable against the Principal, but not exceeding (including other costs and damages for which the Surety may be liable hereunder) the amount set forth in the first paragraph hereof.

The Surety, for value received, agrees further that no changes in, omissions from, or alterations, modifications or additions to the terms and provisions of said AGREEMENT and/or Contract or the Work to be performed thereunder, and that no extensions of time given or changes made in the manner or time of making payments thereunder, shall in any way affect the Surety's obligations on this Bond, and the Surety hereby waives notice of any such changes, omissions, alterations, modifications, additions or extensions.

No right of action shall accrue on this Bond to or for the use of any persons other than the Owner named herein or the heirs, executors, administrators, successors and assigns of the Owner.

IN WITNESS WHEREOF, we have hereunto set our hands and seals to counterparts of this Bond, this ____11th____ day of ____JUNE____, in the year Two Thousand Three.

        Star Equipment Corp.
By: _____  SEAL
        Principal  PRESIDENT

_____  SEAL
        Principal
Fidelity and Guaranty Insurance Company
By: _____  SEAL
        Surety  Marie Ferguson, Attorney-In-Fact

_____  SEAL
        Surety

Surety Address: __Franklin Oaks Office Park, 124 Grove Street, Franklin, MA 02038__

Counter-Signed MA Resident Agent – By: _____
        John R. DeVries, Jr.

Agent's Address: __675 Main Street, Waltham, MA 02451__

Telephone: __781-894-8500__

(NOTE:
If the Principal (Contractor) is a partnership, the Bond should be signed by each of the partners.

If the Principal (Contractor) is a Corporation, the Bond should be signed in its correct corporate name by its duly authorized officer or officers.

If this Bond is signed on behalf of the Surety by an attorney-in-fact, there should be attached to it a duly certified copy of his power of attorney showing his authority to sign such Bonds.

There should be executed an appropriate number of counterparts of the Bond corresponding to the number of counterparts of the AGREEMENT.)

#2508 – Replacement Mains          Contract Bond
                                       00610-3

## LABOR AND MATERIALS BONDS:

(NOTE: This Bond is issued simultaneously with the attached Performance Bond in favor of the Owner.)

KNOW ALL MEN BY THESE PRESENTS:

That we, __Star Equipment Corp.__
(~~an individual, a partnership~~, a corporation)

duly organized under the Laws of the State (or Commonwealth) of __Massachusetts__,

and having a usual place of business at __30 Heath Road, South Easton, MA 02375__

as Principal, and __Fidelity and Guaranty Insurance Company__

a corporation duly organized under the Laws of the State (or Commonwealth) of

__Iowa__ and duly

authorized to do business in the State (or Commonwealth) of __Massachusetts__ and

having a usual place of business at __Franklin Oaks Office Park, 124 Grove Street, Franklin, MA 02038__

as Surety, are holden and stand firmly bound and obligated unto the Town of Seekonk, MA, as

obligee, in the sum of __Two Hundred Eighty-Five Thousand Eighty Three and 13/00 ($285,083.13)__ lawful money of the United States of America, to and for the true payment whereof we bind ourselves and, each of us, our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal, by means of a written AGREEMENT (which together with the Contract Documents in said AGREEMENT referred to are collectively sometimes referred to as

the "Contract") dated _____ has entered into a contract with the said obligee for Installation of Replacement Watermains and Appurtenant Work, Contract 2003-W1, a copy of which AGREEMENT is attached hereto and by reference made a part hereof.

#2508 - Replacement Mains

Contract Bond
00610-4

NOW THEREFORE, THE CONDITION of this obligation is such, that if the Principal shall promptly make payments to all claimants as hereinafter defined, for all labor performed or furnished and for all materials and equipment furnished for or used in or in connection with the Work called for by said AGREEMENT and/or Contract and any modifications thereof, including lumber used but not incorporated in said Work, and for the rental or hire of vehicles, tools and other appliances and equipment furnished for or used in connection with said Work, this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a subcontractor of the Principal for labor, materials and/or equipment used or reasonably required for use in the performance of the said Work, labor and materials being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the said AGREEMENT and/or Contract and any modifications thereof.
2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials or equipment were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.
3. No suit or action shall be commenced hereunder by any claimant,
    (a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials or equipment for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials or equipment were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the said Work is located, save that such service need not be made by a public officer;
    (b) After the expiration of one (1) year following the date on which the Principal ceased work on said AGREEMENT and/or Contract and any modifications thereof, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof, such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.
    (c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the said Work, or any part thereof, is situated, or in the United States District Court for the district in which the said Work, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said AGREEMENT and/or Contract or said Work, whether or not claim for the amount of such lien be presented under and against this bond.

The Surety, for value received, agrees further that no changes in, omissions from, or alterations, modifications or additions to the terms and provisions of said AGREEMENT and/or Contract or the Work to be performed thereunder, and that no extensions of time given or changes made in the manner of time of making payments thereunder, shall in any way affect the Surety's obligations on this Bond, and the Surety hereby waives notice of any such changes, omissions, alterations, modifications, additions or extensions.

IN WITNESS WHEREOF, we have hereunto set our hands and seals to counterparts of this Bond, this _____11th_____ day of _____JUNE_____, in the year Two Thousand Three.

Star Equipment Corp.

By: _____ SEAL
         Principal  PRESIDENT

_____ SEAL
         Principal

Fidelity and Guaranty Insurance Company

By: _____ SEAL
         Surety  Marie Ferguson, Attorney-In-Fact

_____ SEAL
         Surety

Surety Address: __Franklin Oaks Office Park, 124 Grove Street, Franklin, MA 02038__

Counter-Signed MA Resident Agent – By: _____
                                        John S. DeVries, Jr.

Agent's Address: __675 Main Street, Waltham, MA 02451__

Telephone: __781-894-8500__

(NOTE:
If the Principal (Contractor) is a partnership, the Bond should be signed by each of the partners.

If the Principal (Contractor) is a Corporation, the Bond should be signed in its correct corporate name by its duly authorized officer or officers.

If this Bond is signed on behalf of the Surety by an attorney-in-fact, there should be attached to it a duly certified copy of his power of attorney showing his authority to sign such Bonds.

There should be executed an appropriate number of counterparts of the Bond corresponding to the number of counterparts of the AGREEMENT.)

#2508 – Replacement Mains                Contract Bond
                                          00610-7

**StPaulSurety**

St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company
Seaboard Surety Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc
St. Paul Medical Liability Insurance Company.

Bond No. SZ5145

# RIDER CONTAINING
## DISCLOSURE NOTICE OF TERRORISM COVERAGE

This disclosure notice is required by the Terrorism Risk Insurance Act of 2002. No action is required on your part. This Disclosure Notice is incorporated in and a part of the attached bond.

You should know that, effective November 26, 2002, any losses caused by certified acts of terrorism would be partially reimbursed by the United States under a formula established by the Terrorism Risk Insurance Act of 2002. Under this formula, the United States reimburses 90% of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage.

There is a cap on our liability to pay for such losses if the aggregate amount of insured losses under the Act exceeds $100,000,000,000 during the applicable period for all insured and all insurers combined. In that case, we will not be liable for the payment of any amount which exceeds that aggregate amount of $100,000,000,000.

The portion of your premium that is attributable to coverage for acts of terrorism is $0.00.

**IMPORTANT NOTE: THE COST OF TERRORISM COVERAGE IS SUBJECT TO CHANGE ON ANY BOND THAT PREMIUM IS CHARGED ANNUALLY.**

SIGNED AND SEALED this _____ day of _____, 20___.

SURETY: Fidelity and Guaranty Insurance Company                    [SEAL].

Signature: _____
Marie Ferguson        Attorney-in-Fact

## CERTIFICATE OF ACKNOWLEDGMENT OF CONTRACTOR IF A CORPORATION
## FOR PERFORMANCE BONDS

State of _MASSACHUSETTS_ )

_____ )

County of _BRISTOL_ )

On this _11th_ day of _JUNE_, 2003,

before me personally came _CARMELINE BALESTRA TORAN_

to me known, who being by me duly sworn, did depose and say as follows:

That she resides at _30 HEATH ROAD, SOUTH EASTON, MA_

and is the _PRESIDENT_

of _STAR EQUIPMENT CORP._

the corporation described in and which executed the foregoing instrument; that he knows the corporate seal of said corporation; that the seal affixed to the foregoing instrument is such corporate seal and it was so affixed by order of the Board of Directors of said corporation; and that by the like order he signed thereto his name and official designation.

_____  SEAL
Notary Public

My commission expires _March 25, 2005_

END OF SECTION

#2508 – Replacement Mains               Contract Bond
                                        00610-8

**The St Paul**

POWER OF ATTORNEY

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.

Power of Attorney No. 23784

Certificate No. 1784056

KNOW ALL MEN BY THESE PRESENTS: That Seaboard Surety Company is a corporation duly organized under the laws of the State of New York, and that St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company and St. Paul Mercury Insurance Company are corporations duly organized under the laws of the State of Minnesota, and that United States Fidelity and Guaranty Company is a corporation duly organized under the laws of the State of Maryland, and that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc. is a corporation duly organized under the laws of the State of Wisconsin (*herein collectively called the "Companies"*), and that the Companies do hereby make, constitute and appoint

Thomas P. Durkin, Marie Ferguson, John S. DeVries Jr., John S. Mahoney, and Virginia M. Michaels

of the City of Waltham, State of Massachusetts, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

IN WITNESS WHEREOF, the Companies have caused this instrument to be signed and sealed this 7th day of May, 2003.

Seaboard Surety Company
St. Paul Fire and Marine Insurance Company
St. Paul Guardian Insurance Company
St. Paul Mercury Insurance Company

United States Fidelity and Guaranty Company
Fidelity and Guaranty Insurance Company
Fidelity and Guaranty Insurance Underwriters, Inc.

PETER W. CARMAN, Vice President

THOMAS E. HUIBREGTSE, Assistant Secretary

State of Maryland
City of Baltimore

On this 7th day of May, 2003, before me, the undersigned officer, personally appeared Peter W. Carman and Thomas E. Huibregtse, who acknowledged themselves to be the Vice President and Assistant Secretary, respectively, of Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Company, and Fidelity and Guaranty Insurance Underwriters, Inc.; and that the seals affixed to the foregoing instrument are the corporate seals of said Companies; and that they, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the names of the corporations by themselves as duly authorized officers.

In Witness Whereof, I hereunto set my hand and official seal.
My Commission expires the 1st day of July, 2006.

REBECCA EASLEY-ONOKALA, Notary Public

86203 Rev. 7-2002 Printed in U.S.A.